J-S03008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN M. LYONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIELLE C. ARPIN AND MICHAEL | : | No. 845 WDA 2024 |
| ARPIN | : | |

Appeal from the Order Entered June 18, 2024
In the Court of Common Pleas of Crawford County Domestic Relations at
No(s):  DR2024-00025,
PACSES ID: 180302571

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

JUDGMENT ORDER BY KUNSELMAN, J.:    **FILED:  September 12, 2025**

John Lyons ("Lyons") appeals from the order denying his request for genetic testing to establish paternity of the child, S.A.  He argues, *inter alia*, that the trial court erred in applying the presumption of paternity by determining the presumption was irrebuttable.  Based upon our Supreme Court's recent decision in ***Sitler v. Jones***, 334 A.3d 861 (Pa. 2025), we vacate the trial court's order and remand for the court to reconsider Lyons' petition.

Danielle Arpin ("Mother") and Michael Arpin ("Husband") married in 2008.  They had three children together.  Thereafter, in 2017, Husband had a vasectomy.

 In November 2021, during their marriage, and while still living with Husband, Mother became involved in a sexual relationship with Lyons.  They did not use birth control.

Mother and Husband eventually separated; Mother moved out and into her own place. Mother and Lyons continued their relationship.

During her separation from Husband, and while still involved with Lyons, Mother became pregnant in April or May 2023. However, before the baby was born, Mother's relationship with Lyons ended. Mother reconciled with Husband and resumed living with him in November 2023.

S.A. was born on January 21, 2024. Ten days after S.A.'s birth, Lyons filed his petition to establish paternity of S.A. and asked the trial court to order genetic testing. Following two hearings and based upon the law as it existed at that time, the trial court denied Lyons' petition. Because Mother and Husband had an intact marriage and functioned as a family unit prior to and at the time of Lyons' paternity challenge, the trial court concluded that the presumption of paternity applied and was irrebuttable. Trial Court Opinion, 6/18/24, at 3. Lyons filed a timely appeal.

In this Court, Lyons claimed that the trial court erred in applying the presumption of paternity. Specifically, he argued that he presented evidence to overcome the presumption including his relationship with Mother, Husband's lack of intercourse with Mother during their separation, Husband's sterility, and the timing of S.A.'s birth. This Court affirmed based upon Pennsylvania's long-standing precedents, which provided that where a party outside the marriage/third party challenges the paternity of a husband in an intact marriage, the presumption of paternity is irrebuttable. At the time, nothing could overcome this presumption even where there was evidence of

Husband's lack of intercourse with Mother and/or his sterility. **_Lyons v. Arpin_**, 2025 WL 883042 at *5 (Pa. Super. 2025), _appeal granted, order vacated_, 2025 WL 1731907 (Pa. June 23, 2025).

Lyons filed a petition for allowance of appeal with the Pennsylvania Supreme Court. The Court granted Lyons' petition. While his appeal was pending, the High Court decided **_Sitler_**. There, our Supreme Court modified the outdated presumption of paternity and established a new test that allows a putative father to rebut the marital presumption of paternity in certain circumstances. The Court explained the new test as follows:

> In order to determine the paternity of a child born in wedlock, courts first must determine whether the marriage is intact at the time of the paternity challenge. If so, then the presumption of paternity applies, and dictates that, regardless of biology, the mother's spouse will be the child's parent. However, the presumption may be rebutted if the putative father produces clear and convincing evidence that: (1) there is a reasonable possibility that DNA testing would reveal him to be the child's biological father; and (2) determining parentage based upon DNA testing serves the best interests of the child, with due consideration for the interests of the potential father as well as the interests of the wife and husband. If the court finds no threshold possibility of paternity, or determines that adjudicating paternity by DNA testing would disserve the relevant interests, then the presumption governs. But if the court finds a threshold possibility of paternity, and determines that the balance of interests lies in assigning paternity based upon the biological truth, the presumption must yield, and the court should order appropriate genetic testing to determine paternity of the child.

**_Sitler_**, 334 A.3d at 877.

Shortly after this decision, on June 23, 2025, the High Court entered an order in Lyons' appeal vacating this Court's order and remanding the case to us for reconsideration. **_See Lyons_**, 2025 WL 1731907 at *1.

As noted above, when the trial court and this Court initially ruled on Lyons' petition to establish paternity, both courts followed the law applicable at that time. The Supreme Court's new test requires the trial court to make certain factual findings which were not relevant under the old test. Accordingly, we vacate the trial court's June 18, 2024 order, and we remand this case to the trial court for further proceedings consistent with the High Court's opinion in **Sitler**. The trial court shall determine in the first instance, whether the putative father (Lyons) met his burden of producing clear and convincing evidence that: (1) there is a reasonable possibility that DNA testing would reveal him to be the child's biological father; and (2) a determination of parentage based upon DNA testing serves the best interests of the child, with due consideration for the interests of the potential father as well as the interests of the wife and husband (Mother and Husband). **See id.** The trial court may take additional testimony, if necessary, to make these determinations.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  9/12/2025